UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RENEE J. FECTEAU,

     Plaintiff,

v.

GENERAL REVENUE CORPORATION,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     With respect to Plaintiff's claim under the TCPA, this Court both has diversity jurisdiction under 28 U.S.C. §1332 and supplemental jurisdiction under 28 U.S.C. §1367. The citizenship of the parties are Florida and Ohio. Plaintiff alleges in excess of 50 violations of the TCPA. The TCPA provides for damages of up to $1,500 per violation. Accordingly, the amount is controversy is in excess of

$75,000, and exceeds the threshold amount required to establish diversity jurisdiction of $75,000.

3.      With respect to Plaintiff's claim under the FDCPA, this Court has federal question jurisdiction as the claim arises under federal law – the FDCPA.

## PARTIES

4.      Plaintiff, RENEE J. FECTEAU, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant, GENERAL REVENUE CORPORATION, is a professional corporation and citizen of the State of Ohio with its principal place of business at 11501 Northlake Drive, Cincinnati, Ohio 45249.

6.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other parties.

8.      Defendant is a "debt collector" as defined in the FDCPA.

9.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11.     Defendant left the following messages on Plaintiff's voice mail on her

cellular telephone on or about the dates stated:

February 3, 2009
Pre-recorded Message: Hello, this is not a sales solicitation. Please stay on
the line for an important phone call. We will be with you shortly. Thank you.
Human Caller: Hello.

February 6, 2009
Yes, this message is meant only for Renee Fecteau. My name is Patricia
please return my call at 1-866-292-5084, extension number 555. Thank you.

February 14, 2009
This message is meant only for Renee Fecteau. My name is Patricia. Please
return my call at 1-866-292-5084, extension number 555. The reference
number is 31570959. Thank you.

February 22, 2009
This message is meant only for Renee Fecteau. My name is Patricia. Please
return my call at 1-866-292-5084, extension number 555. The reference
number 31570959.

March 10, 2009
Yes, this message is meant only for Renee Fecteau. My name is Patricia
please  return my call at 1-866-292-5084, extension number 555. Thank you.

October 3, 2009 – Pre-Recorded Message
Hello, please hold for the first available representative. It's important that we
speak with you. We'll be with you shortly. Thank you.

October 19, 2009
This message is for Renee, Renee this is Todd I need you to return this call
in my office regarding a personal business matter of yours. This is not a
sales nor solicitation it is a business matter that needs your attention. I'll be
in my office until 5:00 PM Eastern Time tonight, we are open until 9:00 and
I'll be back again in my office tomorrow morning at 8:00. I do need to hear
back from you regarding this matter. Phone number is 800-436-5290. Your
reference number is 91630238. Again this is not a sales nor solicitation, and
I do need to hear back from you.

October 23, 2009
This message is for Renee, Renee this is Todd I need you to call me back in my office regarding a personal business matter of yours. This is not a sales or solicitation it is a business matter that now needs your attention. I'll be in my office until 5:00 PM Eastern Standard Time; I need you to call me back at 800-436-5290. Your reference number is 91630238.

October 29, 2009
This message is for Renee, Renee this is Todd I've left you numerous messages. I need you to call me back in my office regarding a personal business matter of yours. This is not a sales or solicitation, I do need to hear back from you regarding this matter. As of the end of the month I'll no longer be able to help you I advise you call me back 800-436-5290. Reference number is 91630238.

November 4, 2009
Hi my name is Jennifer the message is for Renee. My number is 1-800-436-5290. The reference number is 91630238. If you could give me a call back I would appreciate it. Thank you.

December 2, 2009
Hello Renee this is Brian. Please return the phone call to 1-800-436-5248. Please reference 91630238. Thank you.

12.   Defendant left in excess of 50 similar or identical messages on other occasions. (Collectively, "the telephone messages").

13.   The messages are "communications" as defined by 15 U.S.C. §1692a(2). See _Berg v. Merchs. Ass'n Collection Div_., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.   Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

4

15.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

16.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

17.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18.     Defendant willfully or knowingly violated the TCPA.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

19.     Plaintiff incorporates Paragraphs 1 through 18.

20.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

21.    Plaintiff incorporates Paragraphs 1 through 18.

22.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

23.    Plaintiff incorporates Paragraphs 1 through 18.

24.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.     Damages;

     b.     Attorney's fees, litigation expenses and costs of suit; and

     c.     Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

25.     Plaintiff incorporates Paragraphs 1 through 18.

26.     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.     Damages;

     b.     Attorney's fees, litigation expenses and costs of suit; and

   c.  Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

27. Plaintiff incorporates Paragraphs 1 through 18.

28. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.  Damages;

   b.  Attorney's fees, litigation expenses and costs of suit;

   c.  declaring that Defendant's practices violate the FCCPA;

   d.  permanently injoining Defendant from engaging in the complained of practices; and

   e.  Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

29. Plaintiff incorporates Paragraphs 1 through 18.

30.     By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

31.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.     Damages;

   b.     Attorney's fees, litigation expenses and costs of suit;

   c.     declaring that Defendant's practices violate the FCCPA;

   d.     permanently injoining Defendant from engaging in the complained of practices; and

   e.     Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

32.     Plaintiff incorporates Paragraphs 1 through 18.

33.      Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      a declaration that Defendant's calls violate the TCPA;

c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough

10

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658