UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-61357-Cohn/Seltzer

Renee J. Fecteau,

    Plaintiff,

vs.

General Revenue Corporation,

    Defendant.

_____/

**DEFENDANT GENERAL REVENUE CORPORATION'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

Defendant, General Revenue Corporation ("General Revenue"), respectfully submits this Motion For Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, and requests that this Court dismiss Count VII of Plaintiff's Complaint, which purports to allege violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeks damages, as well as declaratory and injunctive relief.

As shown in the following Memorandum of Law, General Revenue is entitled to summary judgment on Count VII of Plaintiff's Complaint because: (1) it is indisputable that Plaintiff expressly consented to receive the calls on her cellular phone which she alleges violate the TCPA; and (2) Plaintiff's express consent to receive calls on her cellular phone entitles General Revenue to judgment as a matter of law because it prevents her from stating a *prima facie* case for violations of the TCPA. In addition or the alternative, it is a legal certainty that Plaintiff's alleged damages cannot meet the jurisdictional amount for this Court to exercise diversity jurisdiction over her TCPA claim.

I.      **RELEVANT FACTS**[1]

General Revenue collects defaulted, federally guaranteed student loan debts for a number of student loan originators and guaranty agencies.[2]  On October 19, 2008, a defaulted federally guaranteed student loan debt incurred by Plaintiff Renee Fecteau, and guaranteed by General Revenue's client, United Student Aid Funds, Inc., ("USA Funds") was placed with General Revenue for collection by the Portfolio Management division of Sallie Mae, Inc. ("Sallie Mae") which serviced the loan on behalf of USA Funds.[3]

Sallie Mae placed Plaintiff's defaulted student loan debt with General Revenue for collection when she failed to make payments on the loan even after a one year forbearance period on scheduled loan payments she had requested expired.[4]  In her written request to Sallie Mae for the one year forbearance period ("the Forbearance Request"), Ms. Fecteau provided her contact telephone number as XXX-XXX-0704.[5]

On July 30, 2010, Plaintiff filed the complaint in this matter.  DE 1.  In the Complaint, Plaintiff alleges that General Revenue violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Florida Consumer Collection Practices Act ("FCCPA"),[6] Fla. Stat. § 559.55 *et seq*, and the TCPA, by calling Plaintiff's cellular telephone and leaving "in excess of 50 messages".  DE 1 at 1.

---

[1] General Revenue incorporates into this section its Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment filed contemporaneously herewith.
[2] ¶ 4, Affidavit of Thomas Smith filed in support of this motion ("Smith Affidavit," Exhibit "A" hereto).
[3] ¶ 5, Smith Affidavit.
[4] ¶¶5, 8-9 Smith Affidavit.
[5] ¶8, Smith Affidavit; Plaintiff's Response to Defendant's Request for Admissions that the signature on the Forbearance request appears to be hers.
[6] On November 9th, 2010, General Revenue filed a Motion to Dismiss Plaintiff's FDCPA and FCCPA claims because General Revenue's September 2, 2010 Offer of Judgment rendered moot Plaintiff's claims under those statutes, and thus this Court lacks subject matter jurisdiction to hear those claims (DE 22).

As grounds for this Court's exercise of jurisdiction over her TCPA claim, Plaintiff alleges supplemental jurisdiction pursuant to 28 U.S.C § 1367.  DE 1 at 1.  Plaintiff also alleges diversity jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the TCPA provides for "damages of up to $1,500 per violation," which when multiplied by the alleged amount of violations satisfies the amount in controversy requirement.  DE 1 at 1-2.  Plaintiff further alleges federal question jurisdiction over her FDCPA claim.  DE 1 at 2.

Count VII of the Complaint asserts that General Revenue violated the TCPA by "plac[ing] non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without her prior express consent in violation of 47 U.S.C.§ 227(b)(1)(A)(iii)."  DE 1 at 10.  For the alleged TCPA violations, Plaintiff seeks: "(a) Damages; (b) a declaration that Defendant's calls violate the TCPA; (c) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular phone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the proper express consent of the called part; and (d) Such other or further relief as the Court deems proper."  DE 1 at 10.

On September 2, 2010, General Revenue served Plaintiff with an Offer of Judgment, (Exhibit "B" hereto), offering Plaintiff $2,000, the maximum amounts awardable on her FDCPA and FCCPA claims, as well as "costs and reasonable attorneys' fees as determined by the Court, and any declaratory or injunctive relief requested and awarded by the Court."  Ex. B ¶ 1.  On September 10, 2010, General Revenue answered Plaintiff's Complaint and set forth its affirmative defenses DE 10.

On September 13, 2010, Plaintiff filed her Rule 26 Initial Disclosure (attached as Exhibit "C"). In her disclosure, Plaintiff asserted "statutory damages of $500.00 per violation and treble damages of up to $1,500 per violation" under the TCPA. Ex. C at 2.

## II.   ARGUMENT

### A.   Summary Judgment Standard

"Summary judgment is warranted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56; *Dwyer v. Ethan Allen Retail, Inc.*, 528 F. Supp. 2d 1297, 1299 (S.D. Fla. 2007), *aff'd* 325 Fed. Appx. 255 (11th Cir. 2009). The facts and inferences from the record must be viewed in the light most favorable to the non-moving party, and the moving party must show "the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* However, to avoid summary judgment the non-moving party must present evidence on each element essential to their claims and must set forth specific facts showing that there is a genuine issue for trial. *Id.* at 1299-1300 ("a mere scintilla of evidence in support of the non-movant's position is insufficient" because there must be evidence from which the fact-finder "could reasonably find for the non-movant"). "A complete failure of proof concerning an essential element of the non-movant's case necessarily renders all other facts immaterial and entitles the moving party to summary judgment." *Id.* at 1300.

### B.   Defendant Is Entitled To Summary Judgment On Plaintiff's TCPA Claim Because Based On The Undisputed Facts, Plaintiff Expressly Consented To Be Contacted At Her Cellular Telephone Number Regarding The Debt At Issue.

To state her claim under the TCPA, Plaintiff must show: (1) that General Revenue called her cellular telephone; (2) using an "automatic telephone dialing system or an artificial or

4

prerecorded voice"; and (3) that the telephone call was made without her "prior express consent." 47 U.S.C. § 227(b)(1); *Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010 WL 2632562, *7 (E.D. Mich. June 29, 2010) (granting summary judgment on TCPA claim to defendant based in part on plaintiff's consent). The Federal Communications Commission ("FCC") issued a Declaratory Ruling on December 28, 2007, clarifying that "autodialed or prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party." FCC 07-232 Declaratory Ruling, § I, ¶ 1, attached as Exhibit "D." The Declaratory Ruling also states: "We conclude that the provision of a cell phone number to a creditor . . . reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." *Id.* at § III(A), ¶ 9.

In addition, the FCC discussed in its Declaratory Ruling a 1992 TCPA Order, which found that "'persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.'" *Id.* The Declaratory Ruling also notes that the legislative history of the TCPA supports the FCC's interpretation that calls from creditors using autodial machines or prerecorded messages to individuals who provided their cellular telephone numbers do not violate the statute. *Id.* Thus, the explicit language of the TCPA, the FCC's interpretation and ruling and the TCPA's legislative history support the conclusion that the TCPA was not intended to prevent a creditor from contacting an individual on their cellular telephone regarding their debt through the use of autodialers or prerecorded messages when that person gave the creditor their cellular telephone number because the provision of a cellular telephone number evinces consent to such contact. *See Starkey v. Firstsource Advantage, LLC*, No. 07-662A, 2010 WL

2541756 (W.D.N.Y. Mar. 11, 2010) (recommending grant of summary judgment to defendant because debtor who provided cellular telephone number to defendant could not state claim under TCPA given FCC's Declaratory Ruling on consent) (Report and Recommendation), *adopted by* No. 07-662, 2010 WL 2541731 (W.D.N.Y. June 21, 2010).

Count VII of Plaintiff's Complaint alleges that General Revenue violated the TCPA by "plac[ing] non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C.§ 227(b)(1)(A)(iii)."  DE 1 at 10.

As set forth in the Smith Affidavit filed in support of this Motion, in the Forbearance Request signed by Plaintiff[7] and sent by her to Sallie Mae, Plaintiff provided a telephone contact number. Sallie Mae provided Plaintiff's Forbearance Request to General Revenue to assist it in collecting the debt.[8] Comparing General Revenue's account notes reflecting all calls made to Plaintiff against the dates of the calls alleged in the Complaint as violating the TCPA shows that all the calls alleged in the Complaint were made to the number provided by Fecteau in the Forbearance Request[9].

Plaintiff did not indicate on the Forbearance Request that the contact number she provided was a cellular telephone number. Further, in the blank line next to the request for "Other" telephone number, Plaintiff drew a line to indicate that she had no other telephone number. Plaintiff thus failed to indicate that she provided a cellular telephone number, and in fact placed what she alleges to be her cellular telephone number in the space reserved for "Home" telephone numbers.

---

[7] In response to Defendant's Request for Plaintiff's Admission that she signed the Request (Exhibit "E"), Plaintiff admits that the signature on it appears to be hers.
[8] ¶¶ 6-8, Smith Affidavit.
[9] ¶13, Smith Affidavit.

Nevertheless, as discussed above, by providing her cellular telephone number to the loan servicer, Sallie Mae, in connection with her credit transaction, Plaintiff consented to receive phone calls at that number regarding collection of her debt. Thus, she cannot prevail in her claim for violation of the TCPA. *See Starkey*, 2010 WL 2541756 (W.D.N.Y. Mar. 11, 2010) (Report and Recommendation), *adopted by* 2010 WL 2541731 (W.D.N.Y. June 21, 2010); FCC 07-232 Declaratory Ruling, § I.

Accordingly, this Court should enter summary judgment in favor of Defendant on Count VII of Plaintiff's Complaint because she expressly consented to the allegedly infringing conduct, and as a result she cannot make out a *prima facie* case for a violation of the TCPA. *See Pugliese*, 2010 WL 2632562 at *7.

Moreover, on August 18, 2010, Defendant's Managing Director and Associate General Counsel provided Plaintiff's counsel with a copy of the Request for Forbearance containing Plaintiff's consent to call her at the number in question, immediately after this lawsuit was filed, and before engaging undersigned counsel (see Exhibit "F" hereto). Yet Plaintiff has continued to prosecute the claim, forcing Defendant to retain local counsel, to defend the suit, and serving extensive discovery requests. Plaintiff's counsel's continued prosecution of this claim despite being provided with proof that Plaintiff expressly consented to receive calls at what she claims is her cellular telephone number violates Rule 11, constitutes an abuse of process, and malicious prosecution.

      **C.    Alternatively, This Court Should Dismiss Or Enter Summary Judgment In Favor Of Defendant On Plaintiff's TCPA Claim Because It Is A Legal Certainty That Plaintiff Cannot Recover The Amount In Controversy Necessary To Satisfy Diversity Jurisdiction. Therefore, This Court Lacks Jurisdiction Over Plaintiff's TCPA Claim**

In addition to consenting to General Revenue's calls to her cellular telephone, it is a legal certainty that Plaintiff cannot recover in excess of $75,000 as required to support diversity jurisdiction. As a preliminary matter, although the TCPA is a federal statute, it does not confer federal question jurisdiction on this Court. *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998) (holding that TCPA creates a "private right of action to state court's exclusively"), *modified*, 140 F.3d 898 (11th Cir. 1998). Thus, a federal court may only exercise jurisdiction over a TCPA claim if there is supplemental or diversity jurisdiction. *See id.* Plaintiff alleged in her Complaint that federal jurisdiction existed over her TCPA claim based on supplemental jurisdiction, presumably under her FDCPA claim, as well as diversity jurisdiction under 28 U.S.C. § 1332. DE 1 at 1. As argued in General Revenue's Motion to Dismiss, Plaintiff's FDCPA and FCCPA claims must be dismissed because they are moot as a result of General Revenue's Offer of Judgment, and thus this Court lacks subject matter jurisdiction over those claims (DE 22). Consequently, Plaintiff can no longer rely on her FDCPA claim to support supplemental jurisdiction over her TCPA claim. Accordingly, diversity jurisdiction is the only possible basis for this Court's exercise of jurisdiction over Plaintiff's TCPA claim.

In order for a federal court to exercise diversity jurisdiction the parties must be citizens of different states and the matter in controversy must exceed $75,000, exclusive of interest and costs. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citing 28 U.S.C. § 1332). Plaintiff pled that the parties are diverse (DE 1 at 1), and General Revenue does not dispute that fact. However, it is a legal certainty that Plaintiff cannot recover the necessary jurisdictional amount. As the Eleventh Circuit recognized:

> Although we recognize that a court owes some deference to a diversity plaintiff's amount in controversy allegations, and should dismiss the suit for lack of jurisdiction only when "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]," see *St. Paul Mercury Indem.*, 303

> U.S. at 289, 58 S.Ct. at 590, that deference does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. Civil Aeronautics Bd.,* 681 F.2d 1039, 1052 (5th Cir.1982); *see also Opelika Nursing Home,* 448 F.2d at 664-65. Moreover, legal certainty is "a very strict objective standard," *Jones v. Landry,* 387 F.2d 102, 104 (5th Cir.1967), and "once it is clear that as a matter of law the claim is for less than [$75,000], the [court] is required to dismiss." *Burns v. Anderson,* 502 F.2d 970, 972 (5th Cir. 1974).

*Morrison*, 228 F.3d at 1272.

Plaintiff alleges that this Court can exercise diversity jurisdiction over her TCPA claim because the "TCPA provides for damages of up to $1,500 per violation" and General Revenue engaged in over 50 violations. DE 1 at 1. Plaintiff alleges that these violations occurred under section (b)(1)(iii) of the TCPA, which prohibits only the use of an "automatic telephone dialing system or an artificial or prerecorded voice" to call a "telephone number assigned to a . . . cellular telephone service [.]"

However, General Revenue's records establish that it only used an automatic telephone dialing system to contact Plaintiff's cellular phone[10] on 38 occasions.[11] The vast majority of the calls made by General Revenue were manually dialed by an employee of General Revenue, *id.*, which is not a violation of 47 U.S.C. § 227(b)(1)(iii). *Dennis v. Reg'l Adjustment Bureau, Inc.*, No. 09-61494, 2010 WL 3359369, *3 (S.D. Fla. July 7, 2010) (granting summary judgment to defendant on plaintiff's TCPA claim because calls were "manually dialed"). Further, General

---

[10] General Revenue does not admit that any of its conduct violated the TCPA and this analysis in no way is meant to imply that General Revenue is admitting a violation of the TCPA. In fact, as shown above, General Revenue was well-within its rights to contact Plaintiff on her cellular phone regarding her debt because she consented to such contact. This analysis is meant only to show that it is a legal certainty that Plaintiff cannot satisfy the amount in controversy for this Court to exercise diversity jurisdiction over Plaintiff's TCPA claim.

[11] ¶ 15, Smith Affidavit.

9

Revenue has not attempted to contact Plaintiff using an autodial machine since November 2, 2009, and has not made any calls to Plaintiff since January 4, 2010.

Thus, even assuming the Court were to award maximum treble damages of $1,500 per violation, General Revenue's use of an autodialing machine or prerecorded voice on 38 occasions would amount to only $57,000, well-below the threshold $75,000 needed for this Court to entertain diversity jurisdiction. It is therefore a legal certainty that Plaintiff cannot satisfy the jurisdictional amount of more than $75,000 for diversity jurisdiction based on her allegations that she is entitled to $1,500 per violation of the TCPA. Accordingly, this Court should dismiss Plaintiff's TCPA claim on these grounds. *See Sweat v. Rollins Prot. Serv. Co.*, 483 F. Supp. 1161, 1163 (N.D. Ala. 1980) (dismissing suit because it appeared to a legal certainty that plaintiff's claimed damages could not meet the jurisdictional amount).

Further, Plaintiff cannot satisfy the jurisdictional amount using the value of any injunctive and/or declaratory relief. "[T]he value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morris*, 228 F.3d at 1269 (citing *Ericsson GE Mobile Commc'n, Inc. v. Motorola Commc'n & Elec., Inc.*, 120 F.3d 216, 221 (11th Cir. 1997) (internal quotations omitted). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Id.* (internal citations and quotations omitted). In order for a plaintiff to rely on the possibility of declaratory or injunctive relief to satisfy the amount in controversy they must "show that the benefit to be obtained from the injunction is sufficiently measurable and certain to satisfy the amount in controversy requirement." *Id.*

Here, Plaintiff seeks a declaration that General Revenue's actions violate the TCPA and "a permanent injunction prohibiting [General Revenue] from placing non-emergency calls to the

cellular telephone of any person using an automatic telephone system or pre-recorded or artificial voice without the prior express consent of the called party [.]"[12] DE 1 at 10.  First, a plaintiff is not entitled to an injunction to enforce the statute unless the defendant has undertaken certain banned conduct or violated the plaintiff's established rights.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004) ("A statutory injunction is available where a statute bans certain conduct or establishes certain rights, then specifies that a court may grant an injunction *to enforce the statute*.") (emphasis added).  As shown above, General Revenue did not violate the TCPA because Plaintiff consented to the allegedly infringing conduct.  Consequently, Plaintiff is not entitled to an injunction.

Second, Plaintiff does not provide any indication of the value she would receive from a declaratory judgment or an injunction, much less the value to "any person" of not receiving such calls, and it is speculative at best that Plaintiff would receive any value from a declaration or an injunction.  Consequently, the value, if any, from Plaintiff's requested declaratory and injunctive relief is "too speculative and immeasurable to be included in determining the amount in controversy."  *See Morris*, 228 F.3d at 1269-70.

### III. CONCLUSION

For the reasons stated above, Defendant, General Revenue, respectfully requests that this Court enter summary judgment in favor of Defendant on Count VII of Plaintiff's Complaint because there are no genuine issues of material fact and General Revenue is entitled to judgment as a matter of law because (a) Plaintiff expressly consented to receiving telephone calls on her

---

[12] Plaintiff has not asserted a class action, it is unclear why she believes that she represents the rights of "any person" and can seek relief on behalf of "any person," and such an assertion has no support in the law.  *See Martin v. Cronic*, No. 08-0032, 2008 WL 552868, *1 (N.D. Ga. Feb. 27, 2008) ("plaintiff generally . . . does not have standing to assert the rights of others").

cellular phone regarding her debt, and/or (b) it is a legal certainty that she cannot satisfy the amount in controversy to meet the jurisdictional requirements of diversity jurisdiction.

Dated:  November 15, 2010.

                Respectfully submitted,

                */s/ Elizabeth M. Bohn*
                Elizabeth M. Bohn
                JORDEN BURT LLP
                **Florida Bar No. 288047**
                777 Brickell Avenue
                Suite 500
                Miami, Florida 33131
                Telephone: 305-347-6879
                Fax: 305-372-9928
                E-mail:  eb@jordenusa.com
                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion for Partial Summary Judgment and Memorandum of Law was served on November 15, 2010 by the Court's CM/ECF electronic mail system to those parties registered to receive electronic notices of filings in this case.

                */s/ Elizabeth M. Bohn*
                Elizabeth M. Bohn

*190951-v3*