UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CIV-61357-Cohn/Seltzer

RENEE J. FECTEAU,

    Plaintiff,

vs.

GENERAL REVENUE CORPORATION,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON DEFENDANT'S AMENDED OFFER OF JUDGMENT

Defendant General Revenue Corporation ("GRC"), by and through undersigned counsel, responds to Plaintiff's Motion for Entry of Final Judgment (DE 35) on Defendant's Amended Offer of Judgment ("Offer of Judgment") on Counts I through VI (the "FDCPA and FCCPA claims") in the Complaint (the "Complaint").

GRC objects to the form of Judgment submitted by Plaintiff to the extent that it includes a declaration by this Court that Defendant violated the FCCPA, and enters a permanent injunction against Defendant. As explained below, Defendant's inclusion of injunctive and declaratory relief in its Offer of Judgment was subject to this Court awarding such relief upon a showing of grounds for entitlement to same under FCCPA § 559.72. In this case, an award of injunctive or declaratory relief is not "necessary or proper" as required for such relief under that statute. In addition, after Plaintiff accepted Defendant's Offer of Judgment, Defendant paid Plaintiff the $2,000 monetary damages offered by cashier's check.

Therefore, Defendant requests that its alternative form of Final Judgment attached hereto as Exhibit "A" should be entered, indicating that Defendant has satisfied the money judgment portion of its Offer and awarding Plaintiff Renee J. Fecteau ("Plaintiff"), only costs and reasonable attorneys' fees in prosecuting the FDCPA and FCCPA claims to judgment, the amount of which will be subsequently determined by this Court if the parties are unable to agree to same.

## FACTS AND BACKGROUND

On July 30, 2010, Plaintiff filed the complaint in this case (DE 1) alleging that General Revenue violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), DE 1 at 1, in connection with attempts to collect her student loan debt (DE 25-1).

Counts I, II, III and IV of Plaintiff's Complaint allege that General Revenue violated the FDCPA.  Each Count requested: "(a) damages; (b) attorney's fees, litigation expenses, and costs of suit; (c) and such other or further relief as the Court deems proper." *Id.* at 5-8.  Counts V and VI purported to allege violations of the FCCPA, and each requested: "(a) damages; (b) attorney's fees, litigation expenses and costs of suit; (c) declaring that the Defendant's practices violate the FCCPA; (d) permanently injoining [sic] Defendant from engaging in the complained of practices; and (e) such other or further relief as the Court deems proper." *Id.* at 8-9.

In an attempt to avoid accrual of unnecessary attorneys' fees, on September 2, 2010, General Revenue served Plaintiff with an Offer of Judgment (the "September 2nd Offer") on Plaintiff's FDCPA and FCCPA claims (DE 22-1), offering the $2,000 maximum statutory damages available under the statute, and $0 for Plaintiff's TCPA claim.  On September 10, 2010,

General Revenue answered Plaintiff's Complaint denying liability on all Counts and alleged numerous affirmative defenses (DE 10).

On November 9, 2010, General Revenue filed a motion to dismiss Plaintiff's FDCPA and FCCPA claims (DE 22) based on its September 2nd Offer (DE 22-1).  General Revenue argued in its Motion to Dismiss that by presenting Plaintiff with the September 2nd Offer for $2,000 (maximum statutory damages under both statutes), together with "reasonable attorneys' fees and costs as determined by the Court," and any declaratory or injunctive relief requested *and awarded* by the Court," there ceased to be a case or controversy between the parties as to the FDCPA and FCCPA claims because that was the maximum relief available under those statutes, and therefore, Plaintiff no longer had a stake in the outcome of those claims.  *Sampaio v. Client Servs., Inc.*, 306 Fed. Appx. 496 (11th Cir. 2009); *Dennis v. Reg'l Adjustment Bureau, Inc.*, 09-61494, at 1-2 (S.D. Fla. July 12, 2010); *Muldrow v. Credit Bureau Collection Serv., Inc.*, No. 09-61792, 2010 WL 2650906, at *1 (S.D. Fla. June 30, 2010); *Outten v. Union Collection Bureau, Inc.*, No. 09-21817 at 1-3 (S.D. Fla. Apr. 6, 2010) (holding that when defendant offers judgment that satisfies claims plaintiff no longer has personal stake and claims are rendered moot).

On November 26, 2010, Plaintiff served her opposition to the motion to dismiss (DE 31), arguing that the Motion should be denied because Plaintiff would have to take zero compensation for her TCPA claim in order to accept the September 2nd Offer, and that Plaintiff's TCPA claim must have "value" because it is encompassed within a settlement in a national class action against Sallie Mae, Inc. (DE 31, p. 2 ).   Plaintiff did not assert that the September 2nd Offer did not offer complete relief on her FDCPA and FCCPA claims.

On November 29, 2010, General Revenue served an Amended Offer of Judgment (the "Amended Offer"), deleting reference to the TCPA claim, and again offering $2,000 in full and final settlement of Plaintiff's claims for damages under FDCPA and FCCPA as set forth in Counts I through VI, together with costs and reasonable attorneys' fees as determined by the Court, and any declaratory or injunctive relief *requested and awarded* by the Court on those Counts."[1]

On December 6, 2010, General Revenue served its Reply in support of its Motion to Dismiss (DE 33), arguing that Plaintiff's assertion that her TCPA claim has value based upon the Sallie Mae class action was without merit because acceptance of the September 2nd Offer would not affect Plaintiff's right to participate in that case, and *alternatively,* that Plaintiff's opposition to the Motion to Dismiss was mooted by the Amended Offer, which deleted mention of the TCPA claim.

In arguing the Amended Offer as an *alternative* ground for dismissal (DE 33, p. 8-9), General Revenue pointed out that its requests to Plaintiff's counsel for a response to the September 2nd offer, a counteroffer, or to otherwise discuss settlement, had gone unanswered, and argued that counsel's refusal to discuss settlement in the face of receipt of the September 2nd offer was based on a desire to increase accrual of plaintiff's attorneys' fees (DE 31, pp. 7-8) (*see also* DE 11, the parties' September 14, 2010 Statement Certifying Scheduling Conference, in which counsel for General Revenue describes service of the September 2nd Offer, her attempts to discuss settlement with counsel for Plaintiff at the Scheduling Conference as required by this

---

[1] Only Counts V and VI of the claims subject to the Amended Offer, both of which were brought under the FCCPA, contain claims for such relief.

Court's Order setting same, and Plaintiff's counsel's refusal to respond to the offer or discuss settlement).

On November 15, 2010, General Revenue filed a Motion for Summary Judgment on Plaintiff's TCPA claim as contained in Count VII of the Complaint (DE 25), supported by the Affidavit of Thomas Smith (DE 25-1), on grounds Plaintiff had expressly consented to receive calls on her cellular phone by providing that number.  Alternatively, General Revenue argued that this Court lacked jurisdiction over that claim because damages awardable for the number of calls allegedly made in alleged violation of the TCPA were insufficient to confer diversity jurisdiction, and this Court otherwise lacked jurisdiction over that claim.  *Nicholson v. Hooters,* 136 F.3d 1287, 1288–89 (11th Cir. 1998), modified, 140 F.3d 898 (11th Cir. 1998).

On December 9, 2010, Plaintiff filed her Notice of Acceptance of the Amended Offer of Judgment (DE 34), Motion for Entry of Final Judgment (DE 35), and a proposed Order ("Plaintiff's Proposed Order," DE 35-1) on her Motion for Entry of Final Judgment.  Plaintiff's Proposed Order provides for entry of judgment against General Revenue in the amount of the $2,000 offered, plus attorneys' fees and costs to be determined by the Court, and states in paragraph 2 that the Court enters "a declaratory judgment" finding that GRC's practices with respect to Plaintiff were in violation of Fla. Stat. §§ 559.72(7) and (9), and in addition "permanently enjoins GRC from engaging in practices in regard to Plaintiff's account in continuing violation of these sections."

On December 13, 2010, General Revenue hand-delivered a cashier's check to Plaintiff's counsel for the full amount of the $2,000 in damages offered in the Amended Offer of Judgment (Exhibit B hereto).

## ARGUMENT

GRC objects to Plaintiff's Proposed Order to the extent that it includes a declaration by this Court that Defendant violated the FCCPA, and enters a permanent injunction against Defendant.

As indicated by the language of Defendant's Amended Offer, inclusion of injunctive and declaratory relief was contingent upon this Court *awarding* same.  In order to be awarded such relief, Plaintiff would have to show grounds for entitlement under the FCCPA.  As explained below, Plaintiff has not shown that an award of injunctive or declaratory relief is "necessary or proper" in this case, as is required for the Court to award such relief under the FCCPA § 559.77.  Therefore, such relief should not be awarded and included in the judgment against Defendant.  In addition, after Plaintiff accepted Defendant's Offer of Judgment, Defendant paid Plaintiff the $2,000 monetary damages offered.  Therefore, any Judgment should reflect that Defendant has paid the money damages portion of the Offer.

**I.     PLAINTIFF HAS NOT SHOWN THAT INJUNCTIVE OR DECLARATORY RELIEF ARE NECESSARY OR PROPER ON COUNTS V OR VI OF THE COMPLAINT AS REQUIRED FOR SUCH RELIEF UNDER FLA. STAT. § 559.77**

Defendant's Amended Offer was for $2,000, costs and reasonable attorneys' fees as determined by this Court, and "any declaratory or injunctive relief requested *and awarded* by the Court."  Thus, the offer of such equitable relief was contingent on the Court *awarding* same, on a showing of proper grounds for entitlement to such an award.  It clearly was not intended to mean that Plaintiff automatically gets such relief, without any basis for same.

In that regard, only Counts V and VI of those counts of Plaintiff's Complaint subject to the Amended Offer requested injunctive or declaratory relief.  Both of these Counts purport to allege violations of the §§ 559.72 (9) and (7), respectively, of the FCCPA.  The civil remedies

available for violations of the FCCPA are set forth in Fla. Stat. § 559.77, which states in pertinent part:

> (2) Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In a class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000. The court may award punitive damages and *may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.*

(Emphasis added); *see also* this Court's decision in *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1364 (S.D. Fla. 2009) (the FCCPA **allows a court** to "provide such equitable relief as it deems necessary or proper"). Thus, the Court is permitted to award "equitable relief" including enjoining further violations of this part only if it deems such relief to be "necessary" or "proper." In this case, there has been no showing that an award by this Court of declaratory or injunctive relief is "necessary or proper."

### A. Plaintiff Has Not Shown That Injunctive Relief Is Necessary Or Proper In This Case

Plaintiff's Proposed Order asks this Court to "permanently enjoin" General Revenue from "engaging in practices with regard to Plaintiff's account in continuing violation of FCCPA §§ 559.72 (7) and (9). Plaintiff has not provided sufficient grounds, however, why an award of such injunctive relief is not necessary or proper in this case.

First, in evaluating whether injunctive relief is "necessary or proper," this Court is bound by the law generally applicable to injunctions. In that regard, an injunction is a drastic and

extraordinary remedy, which should not be granted as a matter of course. *See, e.g., Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311-312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982); *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2761 (U.S. 2010). An injunction is an exercise of a court's equitable authority, to be ordered only after taking into account all of the circumstances that bear on the need for prospective relief. *See United States v. Swift & Co.,* 286 U.S. 106, 114, 52 S. Ct. 460, 76 L. Ed. 999 (1932). *See also Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982); *Hecht Co. v. Bowles,* 321 U.S. 321, 329, 64 S. Ct. 587, 88 L. Ed. 754 (1944); 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2942, pp. 39-42 (2d ed. 1995) (hereinafter Wright & Miller); *Salazar v. Buono*, 130 S. Ct. 1803, 1816 (U.S. 2010).

Because injunctive relief "is drafted in light of what the court believes will be the future course of events, ... a court must never ignore significant changes in the law or circumstances underlying an injunction lest the decree be turned into an 'instrument of wrong.'" Wright & Miller § 2961, at 393-94 (quoting *Swift & Co., supra,* at 115, 52 S. Ct. 460); *Salazar v. Buono*, 130 S. Ct. 1803, 1816 (U.S. 2010).

In addition, a party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law. *Northern California Power Agency v. Grace Geothermal Corp*., 105 S. Ct. 459, 469 U.S. 1306 (1984). The basis of injunctive relief in federal courts has always been inadequacy of legal remedies. *Rondeau v. Mosinee Paper Corp*., 95 S. Ct. 2069, 422 U.S. 49, 45 (1975). If threat of injury is real, an injunction may issue even though the injury, if it were to occur, could be measured only by speculation and conjecture; one reason to issue an injunction may be that damages, being immeasurable, will not provide a

remedy at law.  *Treasure Val. Potato Bargaining Ass'n v. Ore-Ida Foods, Inc*., 497 F.2d 203 (9th Cir 1974), certiorari denied 95 S. Ct. 314, 419 U.S. 999, 42 L. Ed. 2d 273.

In her proposed Order, Plaintiff asks for a permanent injunction, without any evidence to support such relief or any showing of an inadequate remedy at law.  In that regard, a permanent injunction is ordinarily issued only after a full trial on the merits.  *Chappell & Co. v. Frankel*, 367 F.2d 197 (2d Cir 1966).

Although requested, Counts V and VI fail to allege any basis for awarding permanent injunctive relief.   Specifically, the calls complained of and described in the Complaint all occurred before January 2010.  The Plaintiff has not alleged that the calls continued after December 2009, or that she is in fear that the calls will continue if they are not enjoined.  In that regard, as demonstrated by the Affidavit of Thomas Smith filed in support of General Revenue's Motion for Partial Summary Judgment on the TCPA claim (DE 25-1), the last call made to Plaintiff, as reflected by General Revenue's records, occurred in January 2010, nearly a year ago.

As there are no allegations in the Complaint or evidence that any of the calls complained of have occurred since January 2010, nor has Plaintiff alleged that she fears such calls to her cellular phone will continue if not enjoined, there is simply no basis for a finding that it is "necessary or proper" to award the extraordinary and drastic remedy of prospective injunctive relief in this case.

Indeed, as a result of Plaintiff's Complaint, and learning through this case that the telephone number she provided was for a cellular telephone, General Revenue has not and will not in the future be calling Plaintiff at that telephone number in an attempt to collect the debt in question.  An equity court, in considering injunctive relief, views the case as of the time of the granting of relief.  *Chemical Corp. of America v. Anheuser-Busch, Inc.*, 306 F.2d 433 (5th Cir

1962), 134 U.S.P.Q. 524, certiorari denied 83 S. Ct. 1089, 372 U.S. 965.  In order to justify grant of permanent injunction, movant must show that court's exercise of equity jurisdiction is proper, that movant has proven merits of its case, and that balance of equities tips in favor of injunctive relief.  *Robbins v. Budke*, 739 F. Supp. 1479 (D.N.M. 1990).  Under the facts in this case, injunctive relief is not necessary or proper.

> **B.     Similarly, Plaintiff Has Not Shown That A Declaratory Ruling That Defendant's Actions Violated FCCPA §§ 559.72 (9) And (7) As Claimed In Counts V And VI Of The Complaint Is Necessary Or Proper**

Plaintiff's Proposed Order also asks the Court to declare that General Revenue practices with regard to Plaintiff were in violation of §§ 559.72 (9) and (7) of the FCCPA.  Again, Plaintiff has not shown that such a decree is necessary or proper.

First, Count V does not even state a claim for violation of § 559.72(9).  In collection of a consumer debt, that subsection prohibits:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Thus, subsection (9) deals with attempting to collect debts with no legitimate basis, not with collection techniques.  *Malowney v. Bush/Ross*, No. 09-1189, 2009 WL 3806161, *6-7 (M.D. Fla. Nov. 12, 2009) ("The statute relies on the legal status of the debt," not the manner in which one attempts to collect a legitimate and legal debt).  Nowhere in the Complaint does Plaintiff allege that the debt was not legitimate.  Rather, her entire claim is based on calls made and messages left on her cell phone, i.e., collection techniques.  Thus, Count V, purporting to allege a violation of subsection (9) does not in fact state a claim under this section of the statute.  As a result, and for this reason alone, there is no basis for this Court to enter an order "declaring" that General Revenue violated it, let alone from enjoining further violations of the section.

In addition, as to both Counts V and VI, Defendant submits that the fact that it has offered the maximum damages awardable under the FCCPA ($1,000) in order to avoid the accrual of unnecessary and excessive attorneys' fees litigating the claims, does not constitute an admission that it *violated* these sections.  To the contrary, Defendant's Answer alleged numerous defenses to the claims (DE 10).  Rather, the offer was made to facilitate a prompt settlement and avoid the unnecessary expense of protracted litigation.   It does not admit liability, and does not offer declaratory relief unless this Court *awards* same as "necessary and proper."

General Revenue submits that serving an offer of judgment on these claims is not a sufficient basis to find that a declaration that General Revenue *violated* FCCPA §§ 559.72(7) and (9) is necessary or proper.  If serving an offer of judgment constituted an admission of a violation, as Plaintiff's Motion suggests, this would chill their use and discourage settlement, lest Plaintiffs' counsel unfairly use them to create cases holding that Defendants violated statutes even though the violations were never proven and Defendants served the offers simply to avoid unnecessary litigation expenses.

### C.     Defendant Has Already Paid Plaintiff The $2,000 Monetary Damages Offered

Plaintiff's proposed Order provides for issuance of execution on the $2,000 offered in the Amended Offer.  However, on December 13, 2010, Defendant provided Plaintiff's counsel with a cashier's check in the amount of $2,000, representing all money damages offered in the Amended Offer (Exhibit B).  Thus, there is no need for execution to issue and the Judgment entered should reflect that Defendant has already paid the $2,000 monetary damages offered.

-12-

## **CONCLUSION**

For the reasons as explained above, defendant General Revenue Corporation requests that this Court enter the proposed Order attached hereto as Exhibit "A," instead of Plaintiff's Proposed Order (DE 35-1).

        Respectfully submitted,

        /s/  Elizabeth M. Bohn
        Elizabeth M. Bohn
        Florida Bar No. 288047
        eb@jordenusa.com
        JORDEN BURT LLP
        Suite 500
        777 Brickell Avenue
        Miami, Florida  33131
        Telephone:  (305) 347-6897
        Facsimile:  (305) 372-9928

        *Attorneys for Defendant*
        *General Revenue Corporation*

191495

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                              /s/  Elizabeth M. Bohn

## SERVICE LIST

**Renee J. Fecteau v. General Revenue Corporation**
**Case No. 10-CIV-61357-Cohn/Seltzer**
**United States District Court, Southern District of Florida**

Donald A. Yarbrough, Esq.
Email:  donyarbrough@mindspring.com
Suite 105
2000 East Oakland Park Boulevard
P.O. Box 11842
Fort Lauderdale, Florida 33339
Telephone:  (954) 537-2000
Facsimile:  (954) 566-2235
*Attorneys for Plaintiff Renee J. Fecteau*
[via Notice of Electronic Filing generated by CM/ECF]