UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61357-CIV-COHN/SELTZER

RENEE J. FECTEAU,

       Plaintiff,

vs.

GENERAL REVENUE CORPORATION,

       Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND FINAL JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Final Judgment [DE 35] ("Motion").  The Court has reviewed the Motion, Defendant's response [DE 39], Plaintiff's reply [DE 43], and is otherwise advised in the premises.

On July 30, 2010, Plaintiff filed a seven count Complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA").  See DE 1.  On November 29, 2010, Defendant served on Plaintiff an Amended Offer of Judgment pursuant to Fed. R. Civ. P. 68.  See DE 34-1 at 1-2.  The Amended Offer of Judgment pertains only to Plaintiff's claims arising under the FDCPA and FCCPA.  See id.  On December 9, 2010, Plaintiff accepted Defendant's Amended Offer of Judgment.  Plaintiff's acceptance was timely.

On December 9, 2010, Plaintiff filed true copies of Defendant's Amended Offer of Judgment and Plaintiff's acceptance thereof with the Court.  See DE 34.  Defendant's Amended Offer of Judgment provides for entry of a Judgment of $2,000.00 in favor of

Plaintiff plus attorney fees and costs regarding Plaintiff's claims under the FDCPA and the FCCPA along with equitable relief under the FCCPA.  Upon entry of judgment on the FDCPA claims, the Court no longer has subject matter jurisdiction over the TCPA claim.  Although, the TCPA is a federal statute, the Eleventh Circuit has stated that the TCPA's private right of action is assigned to state courts exclusively.  Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998).  Thus, the Court shall dismiss Plaintiff's TCPA claim.  However, the dismissal of Plaintiff's TCPA claim is without prejudice because when a District Court lacks subject matter jurisdiction, the Court has "no power to render a judgment on the merits."  Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Judgment [DE 35] is **GRANTED**.  The Court enters Final Judgment in favor of the Plaintiff, Renee J. Fecteau, and against Defendant, General Revenue Corporation, in the amount of $2,000.00 together with interest thereon at the legal rate from the date of this Final Judgment, for all of which let execution issue.  The Court retains jurisdiction of the issue of Plaintiff's attorney fees and costs.

It is **FURTHER ORDERED AND ADJUDGED**, pursuant to Rule 68 and Plaintiff's acceptance of Defendant's Amended Offer of Judgment, in full satisfaction of Plaintiff's claims for equitable relief under the FCCPA in Counts V and VI of Plaintiff's Complaint, the Court hereby enters a declaratory judgment that Defendant, General Revenue Corporation's practices with regard to Plaintiff's account is in violation of the FCCPA, Fla. Stat.§ 559.72(7) and Fla. Stat.§ 559.72(9); and Defendant is permanently enjoined

from engaging in practices with regard to Plaintiff's account in continuing violation of the FCCPA, § 559.72(7) and Fla. Stat.§ 559.72(9).[1]

It is **FURTHER ORDERED AND ADJUDGED** that Count VII of Plaintiff's Complaint, arising under the TCPA, is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 22nd day of December, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

---

[1] Defendant, in its response, "objects to Plaintiff's Proposed Order to the extent that it includes a declaration by this Court that Defendant violated the FCCPA, and enters a permanent injunction against Defendant." DE 39 at 6. Defendant's Amended Offer of Judgment, however, provides for "any declaratory or injunctive relief requested and awarded by the Court." DE 34-1 at 1. Defendant now maintains that Plaintiff "has not shown that an award of injunctive or declaratory relief is 'necessary or proper' in this case." DE 39 at 6. Defendant seizes upon the word "awarded" in its Amended Offer of Judgment to support its position. Defendant's argument is not persuasive. If Defendant wanted to litigate Plaintiff's entitlement to injunctive and declaratory relief, Defendant should not have offered it in the Amended Offer of Judgment. Moreover, the Amended Offer of Judgment contains no provision denying the allegations in the Complaint or otherwise denying liability. The Court therefore rejects Defendant's argument and "awards" Plaintiff declaratory and injunctive relief based on the language in the Complaint and the Amended Offer of Judgment.